The Honorable Tana Lin

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE WESTERN WASHINGTON PAINTERS DEFINED CONTRIBUTION PENSION TRUST; BOARD OF TRUSTEES OF THE DISTRICT COUNCIL NO. 5 APPRENTICESHIP AND TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; THE PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; WESTERN WASHINGTON SIGNATORY PAINTING EMPLOYERS ASSOCIATION; NORTHWEST WALL 7 CEILING CONTRACTORS ASSOCIATION; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 5,<br><br>              Plaintiffs,<br><br>     v.<br><br>MARIN BROS., INC., an Illinois corporation; ABEL MARIN, an individual; JENNIFER GARCIA, an individual; DOES & ROES I-X,<br><br>              Defendants. | Case No.: 2:23-cv-00483-TL<br><br>**SECOND STIPULATION AND ORDER TO STAY PROCEEDINGS**<br><br>Noting Date: July 22, 2024 |

The Plaintiffs, Board of Trustees of The Employee Painters' Trust, *et al.* (collectively the "Plaintiffs"), and Defendants Marin Bros., Inc., Abel Marin, and Jennifer Garcia (collectively the "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), each acting by and through their undersigned counsel, respectfully file this Stipulation to Stay Proceedings. This Stipulation is the Parties' second request to stay the proceedings and is made for cause and not for the purpose of delay. This Stipulation is made with respect to the following:

1. The Court issued an Order Setting Bench Trial Date and Related Dates on October 27, 2023 [ECF No. 17]. The Court issued an Order granting the Parties' Stipulated Motion to Extend Deadlines on February 5, 2024 [ECF No. 24]. The Court also issued an Order to Stay Proceedings on May 7, 2024, staying the proceedings and all unexpired deadlines to August 5, 2024 [ECF No. 28].

2. This case centers on alleged fringe benefit payment obligations arising from Collective Bargaining Agreements ("CBA") between the International Union of Painters and Allied Trades District Council No. 5 ("Union") and Defendant Marin Bros., Inc. ("Marin Bros").

3. The Plaintiffs, as employee benefit trust funds governed by the Employee Retirement Income Security Act ("ERISA"), have alleged the right to be paid certain fringe benefit contributions and related damages for work performed by Marin Bros' employees pursuant to the terms of the CBA.

4. The Plaintiffs alleged in the Complaint [ECF No. 1] the right to perform a payroll compliance review (audit) of Marin Bros' payroll and related records to determine the extent of contributions of contributions owed to the Plaintiffs. *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 573-74 (1985) (discussing the role of a payroll auditor in determining unpaid contributions).

5. Since the filing of the Complaint and since the Court's Order to Stay

SECOND STIPULATION AND ORDER TO STAY PROCEEDINGS - 2
CASE NO.: 2:23-CV-00483-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

Proceedings, the parties continued to engage in diligent discovery, have worked together to avoid any court intervention of discovery issues, and have cooperated with sharing documents and information so that an audit of Marin Bros' records could be performed by a professional accounting firm engaged by the Plaintiffs.

6. The Plaintiffs' auditor issued a report for the period March 1, 2022 through December 31, 2022 ("First Audit Period"). Since the Court's Order to Stay Proceedings, the Plaintiffs' auditor completed a draft audit for the period of January 1, 2023 through September 30, 2023 ("Second Audit Period").

7. Defendants engaged a separate professional accounting firm to conduct their own review of Marin Bros' payroll records, had issued its preliminary report regarding the First Audit Period, and reviewed the draft audit for the Second Audit Period. Defendants believe that this case involved potential mistakes in payments for benefits either (1) not owed to Plaintiffs or (2) covered in Plaintiffs' scope but accidentally paid to another entity. For Defendants' separate professional accounting firm to adequately assess and respond to Plaintiffs' draft audit of the Second Audit Period, Defendants require additional time to obtain and gather additional documents regarding its payroll and payment of benefits and for Defendants' separate professional accounting firm to review and prepare a report for the Second Audit Period.

8. The parties expect that they will soon have competing audit reports that will need to be reviewed and evaluated before discovery in this case can continue.

9. Additionally, the Parties intend to evaluate whether settlement discussions will be fruitful and hope to engage in meaningful settlement negotiations once final audit results are issued by each auditor. The Parties are committed to their ongoing obligation to explore settlement options in this case.

10. The Parties agree that a ninety (90) day stay of proceedings is warranted due to the need to complete the audits and to allow for discussion of the results of the audits and

SECOND STIPULATION AND ORDER TO STAY PROCEEDINGS - 3
CASE NO.: 2:23-CV-00483-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

potential settlement.

11. This Stipulation is made to avoid unnecessary expenditure of resources in litigation and is not intended to delay or for any improper purpose.

12. Accordingly, the Parties by and through their undersigned counsel, stipulate and agree, subject to the Court's approval, that these proceedings and all unexpired deadlines set forth in the Court's February 5, 2024 Order [ECF No. 24] shall be stayed an additional ninety (90) days from August 5, 2024.

13. No later than two weeks prior to the expiration of the stay, the Parties will meet and confer and file a joint status report to update the Court on the status of the audits, settlement, and, if not settled, a schedule for how the Parties intend to complete discovery.

DATED: July 22, 2024.

| CHRISTENSEN JAMES & MARTIN | BUCHALTER |
|---|---|
| By: *s/Wesley J. Smith, per email approval*<br>Wesley J. Smith, WSBA #51934<br>7440 W. Sahara Ave.<br>Las Vegas, NV 89021<br>(702) 255-1718<br>wes@cjmlv.com<br>*Counsel for Plaintiffs Board of Trustees of the Employee Painters' Trust, et al.* | By: *s/Michelle Q. Pham*<br>Bradley P. Thoreson, WSBA #18190<br>bthoreson@buchalter.com<br>Michelle Q. Pham, WSBA # 44286<br>mpham@buchalter.com<br><br>1420 Fifth Avenue, Suite 3100<br>Seattle, WA 98101<br>(206) 319-7052<br>*Counsel for Defendants Marin Bros., Inc., Abel Marin, and Jennifer Garcia* |

## **ORDER**

Good Cause Appearing, in accordance with the foregoing Stipulation, these proceedings and all unexpired deadlines set forth in the Court's February 5, 2024 Order [ECF No. 24] shall be stayed for an additional ninety (90) days from the date of entry of this Order. No later than two weeks prior to the expiration of the stay, the Parties will meet and confer and file a joint status report

SECOND STIPULATION AND ORDER TO STAY PROCEEDINGS - 4
CASE NO.: 2:23-CV-00483-TL

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

to update the Court on the status of the audits, settlement, and, if not settled, a schedule for how the Parties intend to complete discovery.

DATED this 23rd day of July, 2024.

_____
Tana Lin
United States District Judge

Presented by:

BUCHALTER

By: *s/Michelle Q. Pham*
Bradley P. Thoreson, WSBA #18190
bthoreson@buchalter.com
Michelle Q. Pham, WSBA # 44286
mpham@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101
(206) 319-7052
*Counsel for Defendants Marin Bros., Inc., Abel Marin, and Jennifer Garcia*

SECOND STIPULATION AND ORDER TO STAY PROCEEDINGS - 5
CASE NO.: 2:23-CV-00483-TL

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052